UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                              Plaintiff,

            v.

KHYREE M. BAKER,

                              Defendant.

_____

REPORT & RECOMMENDATION

23-CR-6087CJS

## PRELIMINARY STATEMENT

By Order of Hon. Charles J. Siragusa, United States District Judge, dated April

20, 2023, all pretrial matters in the above-captioned case have been referred to this Court

pursuant to 28 U.S.C. §§ 636(b)(1)(A)-(B).  (Docket # 17).

By indictment returned on April 20, 2023, defendant Khyree M. Baker ("Baker")

is charged with being a felon in possession of a firearm and ammunition, in violation of 18

U.S.C. §§ 922(g)(1) and 924(a)(8).  (Docket # 15).  Currently pending before this Court for

report and recommendation is Baker's motion to dismiss the indictment.[1]  (Docket # 23).  For the

reasons discussed below, I recommend that Baker's motion to dismiss be denied.

---

[1] Baker filed several omnibus motions seeking other forms of relief, including *Brady* material, discovery, Rule 404(b), 608 and 609 materials, *Jencks* material, preservation of rough notes, and leave to file additional motions.  (Docket # 23).  Each of the above-referenced motions was decided by the undersigned or resolved by the parties in open court on June 16, 2023.  (Docket ## 27, 28).

In his omnibus motions, Baker also sought to suppress statements he made that were captured on body worn cameras.  (Docket # 23 at 4-5).  During the proceedings on June 16, 2023, the government represented that it would not seek to introduce Baker's statements captured on the body worn cameras.  (Docket ## 27, 28).  Based upon this representation, Baker's motion to suppress statements was withdrawn.

## REPORT & RECOMMENDATION

Baker seeks dismissal of the indictment on the grounds that the statute which he is charged with violating, 18 U.S.C. § 922(g)(1) ("Section 922(g)(1)"), violates the Second Amendment. (Docket # 23). He contends that Section 922(g)(1) is unconstitutional both facially and as applied to him. (*Id.* at 2-4). Baker maintains that the statute violates his Second Amendment right to bear arms because it categorically excludes all individuals with prior felony convictions. (*Id.*). According to Baker, this categorical approach is unconstitutional because there is no "distinctly similar founding-era regulation" prohibiting the possession of firearms and ammunition by convicted felons.[2] (*Id.*). He also argues that the statute as applied to him is unconstitutional because it infringes upon his right to self-defense, which is especially important to him as a victim of gun violence, and because his felony conviction arose from criminal conduct committed when he was a minor. (*Id.*).

Baker acknowledges that that the Second Circuit "has previously held that '[Section] 922(g)(1) is a constitutional restriction on the Second Amendment rights of convicted felons,'" (*id.* at 2 n.1 (quoting *United States v. Bogle*, 717 F.3d 281, 281-82 (2d Cir. 2013)), but contends that *Bogle* has been undermined by the Supreme Court's recent decision in *N.Y. State Rifle & Pistol Assoc. v. Bruen*, 142 S. Ct. 2111 (2022) (*id.*). Baker makes the pending motion in order to preserve this issue for appeal. (*Id.*).

The government opposes the motion, maintaining that *Bruen* did not overrule or undermine earlier Supreme Court precedent upon which *Bogle* rests – *District of Columbia v. Heller*, 554 U.S. 570 (2008), and *McDonald v. City of Chicago*, 561 U.S. 742 (2010). (Docket

---

[2] Neither party advocates or suggests that the constitutional analysis differs as applied to possession of firearms and possession of ammunition, nor have the parties cited any relevant precedent on that issue. Here, in any event, the charged ammunition was apparently loaded into the firearm allegedly possessed by Baker. (Docket # 26 at 2).

# 26 at 3).  Even applying the analytical approach set forth in *Bruen*, the government further

argues, Baker's constitutional challenge is unavailing.  (*Id.* at 3-5).  According to the

government, Baker's challenge fails because "defendant's status as a felon places him outside the

scope of the Second Amendment's coverage."  (*Id.* at 4).  Moreover, even if Baker is within the

scope of the Second Amendment, the government contends, Section 922(g)(1) "is consistent with

the nation's historical tradition of firearm regulation on persons such as the defendant."  (*Id.* at

5).

      The Second Amendment provides: "A well regulated Militia, being necessary to

the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."

U.S. Const. amend II.  In *Heller*, the Supreme Court held that the Second Amendment "confer[s]

an individual right to keep and bear arms[,]" although it recognized that "[l]ike most rights, the

right secured by the Second Amendment is not unlimited."  *District of Columbia v. Heller*, 554

U.S. at 595, 626.  In reaching this conclusion, the Court emphasized that "nothing in [the]

opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms

by felons."  *Id.* at 626.  The Court reemphasized this point in *McDonald*, affirming "[w]e made it

clear in *Heller* that our holding did not cast doubt on such longstanding regulatory measures as

prohibitions on the possession of firearms by felons[;] . . . [w]e repeat those assurances here."

*McDonald v. City of Chicago*, 561 U.S. at 786 (internal quotations omitted).

      In *Bruen*, the Supreme Court articulated the following standard for assessing

Second Amendment challenges to laws regulating firearm possession:

> When the Second Amendment's plain text covers an individual's
> conduct, the Constitution presumptively protects that conduct.  The
> government must then justify its regulation by demonstrating that
> it is consistent with the Nation's historical tradition of firearm
> regulation.  Only then may a court conclude that the individual's

> conduct falls outside the Second Amendment's unqualified
> command.

*N.Y. State Rifle & Pistol Assoc. v. Bruen*, 142 S. Ct. at 2129-30 (internal quotations omitted). In doing so, the Supreme Court explicitly rejected a two-step test that many lower courts had applied following *Heller* and *McDonald*, the first step of which considered whether the regulated conduct fell outside of the original scope of the Second Amendment based upon its historical meaning, and, if the regulated conduct was not categorically unprotected, the second step of which balanced the individual's Second Amendment right against the government's interest in regulating the conduct. *Id.* at 2126-27. In conducting this balancing, courts applied "strict scrutiny" where "core" Second Amendment rights were implicated in order to determine whether the government could establish that the law was "narrowly tailored to achieve a compelling governmental interest." *Id.* (internal quotations omitted). Where the rights burdened were not "core," courts applied "intermediate scrutiny" to determine whether the government could demonstrate that the regulation was "substantially related to the achievement of an important governmental interest." *Id.* (internal quotations omitted).

In *Bruen*, the Court explained that this two-step test, often referred to as the "means-end" test, was inconsistent with its decisions in *Heller* and *McDonald*. *Id.* at 2129. It observed that "*Heller* decline[d] to engage in means-end scrutiny generally, [and] . . . also specifically ruled out . . . intermediate scrutiny." *Id.* Rather, according to the Court, the test contemplated in *Heller* and applied in *Bruen* "requires courts to assess whether modern firearms regulations are consistent with the Second Amendment's text and historical understanding." *Id.* at 2131. The Court noted that *Bruen* did not undermine its prior Second Amendment jurisprudence, but rather reaffirmed it. *See id.* at 2122 (describing its holding as "consistent with *Heller* and *McDonald*"), 2134 ("[h]aving made the constitutional standard endorsed in *Heller*

4

more explicit, we now apply that standard to New York's proper-cause requirement"); *see also United States v. Hampton*, 2023 WL 3934546, *11 (S.D.N.Y. 2023) ("*Bruen* reaffirms the holdings of *Heller* and *McDonald*"); *United States v. Garlick*, 2023 WL 2575664, *4 (S.D.N.Y. 2023) ("the majority stressed that *Bruen* is 'consistent' with [*Heller* and *McDonald*]"); *United States v. King*, 2022 WL 5240928, *5 (S.D.N.Y. 2022) ("the *Bruen* majority opinion makes abundantly clear that *Heller* and *McDonald* stand as controlling precedents").  Indeed, the Court in *Bruen* repeatedly observed, as it expressed in *Heller*, that the right conferred by the Second Amendment belongs to "law-abiding citizens."  *Bruen*, 142 S. Ct. at 2122 ("[i]n [*Heller*] and [*McDonald*], we recognized that the Second and Fourteenth Amendments protect the right of an ordinary, law-abiding citizen to possess a handgun"); *Heller*, 554 U.S. at 635 ("[the Second Amendment] elevates above all other interests the right of law-abiding, responsible citizens to use arms in defense of hearth and home"); *see also United States v. Hampton*, 2023 WL 3934546 at *11 ("[t]hroughout its modern Second Amendment jurisprudence, the Supreme Court has consistently limited its recognition of Second Amendment rights to 'law-abiding citizens'"); *United States v. Garlick*, 2023 WL 2575664 at *4 ("the Supreme Court's majority opinion in *Bruen* . . . repeatedly characterized the Supreme Court's Second Amendment jurisprudence as providing 'law-abiding' citizens with the right to possess handguns").

Prior to *Bruen*, in *United States v. Bogle*, 717 F.3d 281 (2d Cir. 2013), the Second Circuit directly addressed the constitutionality of Section 922(g)(1) and, applying *Heller* and *McDonald*, upheld Section 922(g)(1) as "a constitutional restriction on the Second Amendment rights of convicted felons."  *Bogle*, 717 F.3d at 281-82.  In reaching this conclusion, the Second Circuit relied upon the Supreme Court's pronouncements in *Heller* and *McDonald* that "recent developments in Second Amendment jurisprudence should not 'be taken to cast doubt on

longstanding prohibitions on the possession of firearms by felons.'" *Id.* at 281 (quoting *Heller*, 554 U.S. at 626, and *McDonald*, 561 U.S. at 768 ("[w]e made it clear in *Heller* that our holding did not cast doubt on such longstanding regulatory measures as prohibitions on the possession of firearms by felons")).  Although some courts outside this Circuit have discounted this language in *Heller* and *McDonald* on the grounds that it is dicta, *see*, *e.g.*, *United States v. Bullock*, 2023 WL 4232309, *17-18 (S.D. Miss. 2023) ("[s]everal district courts suggested that Supreme Court dicta is binding upon them[;] . . . [n]ot so in this Circuit"); *see also Range v. Att'y Gen. United States of Am.*, 69 F.4th 96, 101 (3d Cir. 2023) (en banc) ("the criminal histories of the plaintiffs in *Heller*, *McDonald*, and *Bruen* were not at issue in those cases[;] [s]o their references to 'law-abiding, responsible citizens' were dicta"), this Court is bound by the Second Circuit's holding in *Bogle*,[3] *see Hampton*, 2023 WL 3934546 at *12 ("the Second Circuit has turned what [defendant] characterizes as 'dicta' in *Heller* and *McDonald* into binding precedent[;] [f]ollowing these cases, the Second Circuit held in *Bogle* that Section 922(g)(1) is a constitutional restriction on the Second Amendment rights of convicted felons) (internal quotations omitted); *Garlick*, 2023 WL 2575664 at *5 ("*Bruen* does not alter the holding of

---

[3] Baker contends that reliance upon *Bogle* is misplaced because *Bruen* explicitly overturned a different Second Circuit decision, *New York State Rifle & Pistol Assoc. v. Beach*, 818 F. App'x 99 (2d Cir. 2020) (summary order), which reaffirmed and applied a previous Second Circuit decision, *Kachalsky v. Cnty. of Westchester*, 701 F.3d 81 (2d Cir. 2012), *cert. denied*, 569 U.S. 918 (2013), that had upheld New York State's concealed carry law as constitutional.  (Docket # 23-1 at 2 n.1).  In *Kachalsky*, the Second Circuit applied intermediate scrutiny in upholding the regulation – a standard which was expressly rejected by the Court in *Bruen*.  *Compare Kachalsky v. Cnty of Westchester*, 701 F.3d at 96 ("we conclude that intermediate scrutiny is appropriate in this case") *with Bruen*, 142 S. Ct. at 2129 ("[n]ot only did *Heller* decline to engage in means-end scrutiny generally, but it also specifically ruled out the intermediate-scrutiny tests that respondents and the United States now urge us to adopt").  In *Bogle*, the Second Circuit did not expressly apply any means-end test in evaluating the constitutionality of Section 922(g)(1); rather, it relied entirely on the language of the decisions in *Heller* and *McDonald*.  *See Bogle*, 717 F.3d at 281-82; *see also Hampton*, 2023 WL 3934546 at *12 (rejecting defendant's argument that "*Bogle* is 'no longer good law' because the Second Circuit employed a 'now-defunct' means-ends analysis in assessing Second Amendment challenges 'from at least 2012 up until *Bruen*,' thus including the time when *Bogle* was decided[;] . . . *Bogle* does not utilize any means-ends interest balancing[;] [r]ather, the Second Circuit reasoned purely from the language in *Heller* and *McDonald* expressly affirming 'longstanding prohibitions on the possession of firearms by felons'").

*Bogle*").  Accordingly, I conclude that Section 922(g)(1) is "a constitutional restriction on the Second Amendment rights of convicted felons."  *See Bogle*, 717 F.3d at 282; *see also Hampton*, 2023 WL 3934546 at *12 ("[w]ith *Heller* and *McDonald* still in full force and effect after *Bruen*, *Bogle* remains binding precedent within this Circuit on the constitutionality of Section 922(g)"); *Garlick*, 2023 WL 2575664 at *5 ("[b]ecause there is nothing in *Bruen* that alters the rationale of *Bogle*, [d]efendant's motion to dismiss the [i]ndictment is [denied]"); *United States v. Barnes*, 2023 WL 2268129, *2 (S.D.N.Y. 2023) ("[b]ecause *Bruen* did not disturb [*Heller* and *McDonald*], the Second Circuit's holding in *Bogle* continues to govern this case").

Turning to Baker's as-applied challenge, the record demonstrates that approximately five years ago, in 2018, he was convicted of Attempted Robbery in the First Degree in violation of New York State Penal Law Section 160.15(4) and sentenced to forty-two months imprisonment.  (Docket ## 1 at ¶ 9; 15 at 1; 26 at 2).  Because it is clear that Baker's felony conviction was "punishable by imprisonment for a term exceeding one year," and therefore falls squarely within Section 922(g)(1), I find that Section 922(g)(1) is not unlawful as applied to Baker.  *See United States v. King*, 2022 WL 5240928 at *5.

Although Baker maintains that the statute is unconstitutional as applied to him because he was a minor at the time he committed the conduct for which he was convicted and because he is a victim of gun violence (Docket # 23-1 at 4), the legal and factual underpinnings of this argument are insufficiently developed.  For instance, there is nothing in the record establishing when the criminal conduct for which Baker was convicted occurred, nor is there any information concerning the circumstances underlying Baker's assertion that he was a victim of gun violence.  On this record, Baker's as-applied challenge is premature and should be denied at this stage.  *See Hampton*, 2023 WL 3934546 at *10 ("the parties have not presented sufficient

7

factual details concerning [defendant's] underlying felony to allow the Court to assess section 922(g)(1)'s application to [defendant] in particular"); *United States v. Rowson*, 2023 WL 431037, *13 & n.12 (S.D.N.Y. 2023) (declining to consider as-applied challenge to Section 922(n); "it is premature here to determine definitively §922(n)'s constitutionality as applied to [defendant], with the issue not briefed and the factual record – to the extent germane – undeveloped"); *see also*, *e.g.*, *United States v. Reuter*, 2023 WL 3936934, *12 (E.D. Mo.) (denying as-applied challenge to Section 922(g)(8) as premature), *report and recommendation adopted by*, 2023 WL 3933930 (E.D. Mo. 2023); *Campiti v. Garland*, 2023 WL 143173, *2 (D. Conn.) ("[a]n as applied challenge requires an analysis of the facts of a particular case to determine whether the application of a statute, even one constitutional on its face, deprived the plaintiff to whom it was applied of a protected right") (internal quotations and brackets omitted), *appeal dismissed for failure to file form*, 23-196 (2d Cir. 2023); *United States v. Lara-Mondragon*, 2011 WL 13136622, *2 (N.D. Ga. 2011) (denying as-applied challenge to 922(g)(5) as premature) (collecting cases), *report and recommendation adopted by*, 2012 WL 12904145 (N.D. Ga. 2012), *aff'd*, 516 F. App'x 771 (11th Cir. 2013).

## CONCLUSION

For the reasons stated above, I recommend that the district court deny Baker's motion to dismiss the indictment **(Docket # 23)**.

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated:  Rochester, New York
July 12, 2023

8

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

      **ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

      **ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 59(c) of the Local Rules of Criminal Procedure for the Western District of New York.[4]

      The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance.  *See*, *e.g.*, *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

      **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

      The parties are reminded that, pursuant to Rule 59(c)(2) of the Local Rules of Criminal Procedure for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 59(c)(2) may result in the District Court's refusal to consider the objection.**

      Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

**IT IS SO ORDERED.**

                                    *s/Marian W. Payson*
                                     MARIAN W. PAYSON
                             United States Magistrate Judge

Dated: Rochester, New York
       July 12, 2023

---

[4]  Counsel is advised that a new period of excludable time pursuant to 18 U.S.C. § 3161(h)(1)(D) commences with the filing of this Report and Recommendation.  Such period of excludable delay lasts only until objections to this Report and Recommendation are filed or until the fourteen days allowed for filing objections has elapsed.  *United States v. Andress*, 943 F.2d 622 (6th Cir. 1991); *United States v. Long*, 900 F.2d 1270 (8th Cir. 1990).